New Jersey Department of Labor,
Workmen's Compensation Bureau.

VICTOR DE BARI, PETITIONER, v. FORD MOTOR COM-
PANY, RESPONDENT.

Decided February 4, 1938.

For the petitioner, *George M. Eichler.*

For the respondent, *McCarter & English.*

A formal petition for compensation was heretofore filed herein by the petitioner against the respondent on April 11th, 1935. A hearing was in due course had on said petition and an award made by this bureau under date of December 24th, 1935, in which award it was adjudicated that the petitioner had sustained a temporary disability from January 26th, 1935, to June 15th, 1935, and that he had sustained no permanent disability by reason of his alleged accident and that the petitioner was then suffering from an osteoarthritic condition as well as a ptosis of the right kidney and a fracture of one of his vertebrae, all of which were in no way caused by or aggravated by the accident alleged in the petition as having occurred on January 26th, 1935.

The aforesaid award together with the incidental allowances to the petitioner's attorney and doctors was duly paid by the respondent and under date of February 23d, 1937, a new petition was filed by the petitioner in which he alleged the same injuries set forth in his first petition and did not claim any increased disability.

Upon motion of the attorneys for the respondent, the said petition filed February 23d, 1937, was ordered dismissed by this bureau under date of May 28th, 1937.

Subsequently under date of September 15th, 1937, the petitioner filed a still further petition in this cause and as in all previous petitions alleged that he had sustained an accident on January 26th, 1935, while working for the respondent. In this last petition, however, the petitioner alleged that his disability had increased since the determination of this bureau dated December 24th, 1935, which determination was on the original petition filed by him. To this last petition an answer was duly filed by the respondent wherein the respondent denied that the petitioner was suffering from any disability by reason of his alleged accident at this time and denied that the petitioner was permanently disabled by reason thereof. In its answer the respondent also alleged that the determination of facts and rule for judgment entered on December 24th, 1935, wherein it was adjudicated that the petitioner was not suffering from any permanent disability, was *res adjudicata* on the question of permanent disability and a bar to the last petition filed.

The matter came on in due course to be heard.  *  *  * At this hearing the petitioner testified generally to his complaints but admitted that he had not had any medical treatment since December, 1935. Petitioner denied that he had sustained any accident whatever or sustained any injury other than that he claims to have sustained while employed by the respondent on January 26th, 1935.

Dr. Ruoff was called to testify for the petitioner and stated that he had examined the petitioner on October 20th, 1937, and that the petitioner's condition then was the same as it was at the time of his previous examination in connection with the first trial of this case made on September 24th, 1935. He testified that he based his estimate of disability to the petitioner upon the crushing injury to one of his vertebrae.

Dr. Reiss and Dr. Hill likewise testified in behalf of the petitioner and were of the opinion that the petitioner had sustained a permanent disability by reason of a fracture to

one of his vertebrae. Neither Dr. Reiss nor Dr. Hill had testified at the first trial.

For the respondent Dr. Maver, Dr. Blumberg and Dr. Brozdowski testified that in their opinion the petitioner was not suffering from any permanent disability by reason of his alleged accident.

In addition the respondent produced Mr. Chester Morrissey who said that he was in charge of the records pertaining to the petitioner in the United States Veterans Hospital at Lyons. Mr. Morrissey produced an original petition filed by the petitioner herein with the United States veterans bureau in 1931 in which petition the petitioner said under oath that he had received a permanent injury to his heart, chest, back and nervous system as a result of a fall which he sustained in August, 1918, on the United States army transport, *George Washington,* for which condition he was treated at St. Mary's Hospital at Hoboken.

The witness, Chester Morrissey, also brought out the fact that the petitioner in 1936 filed a claim for total permanent disability with the United States veterans bureau by reason of tuberculosis, and that the petitioner is now receiving compensation from the United States government on the theory that he has suffered a total and permanent disability by reason of tuberculosis.

After carefully considering all the testimony in this case and bearing in mind the findings of this bureau made on December 24th, 1935, on the conclusion of the first trial of this matter on the first petition filed, I find as a matter of fact that the petitioner is not suffering from any permanent disability whatever which is in any way attributable to the accident he sustained while in the employ of the respondent on January 26th, 1935. I find as a matter of fact at this time just as I found heretofore on December 24th, 1935, that the petitioner's disability as a result of that accident on January 26th, 1935, was only of a temporary nature and terminated on June 15th, 1935.

I further find that the petitioner is suffering from a fracture of one of his vertebrae in addition to a ptosis of the right

kidney and an osteoarthritic condition, none of which conditions were caused by nor aggravated by his alleged accident of January 26th, 1935.

I further find as a matter of fact that the petitioner is not suffering from any injury to his nervous system or any other portion of his body by reason of his alleged accident of January 26th, 1935.

It is, therefore, * * * adjudicated that the petitioner is not suffering from any permanent disability whatever by reason of any accident arising out of or in the course of his employment with the respondent and that any disability which the petitioner may have sustained by reason of an accident arising in and out of his employment with the respondent on January 26th, 1935, was only of a temporary nature, not permanent, and terminated June 15th, 1935.

It is further adjudicated as a matter of fact that while the petitioner to-day is suffering from certain disabilities including a fracture of one of his vertebrae and other conditions hereinabove set forth, such conditions and the disabilities arising therefrom existed previous to the accident of January 26th, 1935, and were in no way caused by or aggravated by the said accident.

It is, therefore, ordered that the petition filed herein under date of September 15th, 1937, be and the same is hereby dismissed.

JOHN C. WEGNER,
*Referee.*